**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ETN Capital, LLC,
a North Carolina Limited Liability
Company

      Plaintiff,

v

Shenzhen AOMOSUR Technology Co.,
Ltd, a China Company,

      Defendant.

_____/

Civil Action No.
Patent Case

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff ETN Capital, LLC ("ETN Capital" or "Plaintiff") makes the following allegations against Defendant Shenzhen AOMOSUR Technology Co., Ltd ("Aomosur" or "Defendant") and alleges the following:

## BACKGROUND

1. This Complaint asserts causes of action for infringement of the United States Patent owned by ETN Capital, United States Patent 10,890,925 B2 ("the '925 Patent"). A true and correct copy of the '925 patent is attached as Exhibit A.

## THE PARTIES

2.    Plaintiff ETN Capital is a North Carolina limited liability company, with its principal place of business at 4030 Wake Forest Rd, Ste 349, Raleigh, NC 27609.

3.    Defendant Aomosur is a company organized and existing under the laws of the People's Republic of China, with its principal place of business located at Building 5, No. 2 Rongshu Road, Qiaotou Community, Fuhai Road, Bao'an District, Shenzhen, Guangdong, China.

4.    Aomosur is doing business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States, by offering to sell and selling products that infringe ETN Capital's '925 Patent ("Infringing Products") over the Internet through its website Aomosur.com, and other merchant storefronts, such as Amazon.com, for example ("Merchant Stores"), that are accessible to, marketed to, and have been used by customers and potential customers in this judicial district, in Florida, and throughout the United States.

5.    Upon information and belief, Defendant is a foreign company, incorporated under the laws of the People's Republic of China.

6.    Defendant is not incorporated in the United States.

7. Upon information and belief, Defendant offers and markets to United States consumers the infringing product for sale on at least one online platform Amazon.com.

8. Defendant has no sufficient continuous contacts with any one state as to make Defendant at home for the purposes of jurisdiction and therefore is not domiciled in any one state.

9. Defendant is therefore an alien corporation under federal law.

10. Upon information and belief, Defendant Aomosur maintains and operates business at 527, 1641 Lonsdale Ave, North Vancouver, BC V7M 2J5, Canada.

11. Moreover, Aomosur is the listed registrant for the United States Trademark Reg. No. 7,832,528 ("Autosirs Trademark").

12. Under the trademark "AUTOSIRS," Aomosur is doing business, either directly or through its agents, on an ongoing basis in this judicial district and elsewhere in the United States, by offering to sell and selling products that infringe Plaintiff's '925 Patent ("Infringing Products") over the Internet through its website Autosirs.com, and other Merchant Stores that are accessible to and have been used by customers and potential customers in this judicial district, in Florida, and throughout the United States.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 101, et seq. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Defendant for at least the following reasons: (1) Defendant has and continues to commit acts of patent infringement and induces acts of patent infringement by others in the United States, including this District and in this Division; (2) Defendant engages in other persistent courses of conduct and derives substantial revenue from products sold to individuals and businesses in the United States, including this District and in this Division; and (3) Defendant has purposefully availed itself to the jurisdiction of the United States District Courts and establishes sufficient minimum contacts with Defendant's continued sale of products via the United States-specific Amazon.com website and Defendant's United States-specific website to United States consumers.

15. Under Federal Rule of Civil Procedure 4(k)(1)(A), this Court holds personal jurisdiction over the Defendant because Defendant regularly conducts, transacts, and solicits business in this judicial district. Defendant further avails itself of the privileges and protections of the laws of the State of Florida such

that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

16. In addition, since Defendant is not resident in the United States, it may be sued in this judicial district because personal jurisdiction is proper in this district, as discussed above, and pursuant to 28 U.S.C. § 1391(c), may be sued in any judicial district.

17. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because Defendant does business in the United States but is not a resident of the United States and therefore may be sued in any judicial district.

## THE '925 PATENT-IN-SUIT

18. U.S. Patent No. 10,890,925 B2 ("the '925 Patent" or "Asserted Patent") pertains to a leveling system for use with a vehicle, such as a recreational vehicle. In brief, a sensor device affixed to a vehicle, is used to the calculate adjustments to be made to the pitch ("P") and roll ("R") of the vehicle. The sensor device communicates the calculated adjustment information to a smart device, such as a smartphone. The end user may utilize the adjustment information provided to adjust the P and R of the vehicle to a level position.

19. Plaintiff is the owner of the '925 patent and holds and owns all rights and interests in that patent, including the right to sue for past infringement. The '925 Patent is valid and enforceable.

20. On January 12, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '925 Patent entitled, "Vehicle leveling systems, devices and methods and computer program products for leveling vehicles using smart devices" to Command Electronics, LLC ("Command") and was subsequently assigned to FBA Operating Co. ("FBA") and then to ETN. A true and correct copy of the patent '925 is attached hereto as *Exhibit A*.

21. The '925 Patent contains 20 claims. Claim 1 is independent; claims 2-9 depend directly or indirectly from claim 1. Claim 10 is independent; claims 11-14 depend directly or indirectly from claim 10. Claim 15 is independent; claims 16-20 depend directly or indirectly from claim 15.

22. **Claim 1** of the '925 patent, reads as follows:

A system for leveling a vehicle, the system comprising:
a sensor device secured to a vehicle to sense an inclination of the vehicle in both a pitch direction and a roll direction when the vehicle is parked on an uneven surface of the ground, the sensor device comprising a printed circuit board that includes:

a digital accelerometer that permits calculation in both the pitch direction and roll direction, and
a processor to process data collected by the digital accelerator; and

a smart device in wireless communication with the sensor device, the smart device including a display screen;

6

wherein, based on the inclination of the vehicle as sensed by the sensor device, at least one of the sensor device and smart device is configured to determine adjustment pairs, each adjustment pair including a height adjustment amount and a corresponding adjustment direction needed to level a respective section of the vehicle by movement of the respective section of the vehicle with respect to the uneven surface of the ground by the height adjustment amount in the corresponding adjustment direction;

wherein the display device of the smart device is configured to display at least one image representative of the vehicle and showing the respective sections of the vehicle and to simultaneously display the height adjustment amount and corresponding adjustment direction of each adjustment pair adjacent to each respective section of the vehicle shown in the at least one image; and

wherein the smart device is further configured to update the display screen, substantially in real time, as one or more of the height adjustment amounts are changed.

23. Claims 2 through 9 of the '925 Patent are dependent on Claim 1.

24. Defendant infringes on at least Claim 1 of the '925 Patent.

25. **Claim 10**, of the '925 patent, reads as follows:

A method for leveling a recreational vehicle, the method comprising:

sensing an inclination of the recreational vehicle in both a pitch direction and a roll direction when the recreational vehicle is parked on an uneven surface of the ground;

7

based on the sensed inclination of the recreational vehicle, determining adjustment pairs, each adjustment pair including a height adjustment amount and a corresponding adjustment direction needed to level a respective section of the recreational vehicle by movement of the respective section of the recreational vehicle with respect to the uneven surface of the ground by the height adjustment amount in the corresponding adjustment direction;

displaying at least one image, representative of the recreational vehicle and showing the respective sections of the recreational vehicle, on a display screen of a smart device;

simultaneously displaying the height adjustment amount and corresponding adjustment direction of each adjustment pair on the display screen adjacent to each respective section of the recreational vehicle in the at least one image; and

updating the display screen, essentially in real time, as the height adjustment amounts are changed.

26. Claims 11 through 14 of the '925 Patent are dependent on Claim 10.

27. Defendant infringes at least Claim 10 of the '925 Patent.

28. **Claim 15**, of the '925 patent, reads as follows:

A non-transitory computer readable medium comprising computer executable instructions that, when executed by a processor of a smart device, control the smart device to perform steps comprising:

receiving a pitch angle measurement and a roll angle measurement of a vehicle from a sensor device secured to the

8

vehicle when the vehicle is parked on an uneven surface of the ground;

based on the pitch angle measurement and roll angle measurement, calculating adjustment pairs, each adjustment pair include a height adjustment amount and a corresponding adjustment direction needed to level the vehicle by movement of the respective section of the vehicle with respect to the uneven surface of the ground by the height adjustment amount in the corresponding adjustment direction; and

displaying, on a display screen of the smart device, at least one image representative of the vehicle and showing the respective sections of the recreational vehicle;

simultaneously displaying, on the display screen of the smart device, the height adjustment amount and corresponding adjustment direction of each adjustment pair adjacent to each respective section of the vehicle in the at least one image; and

updating the display screen of the smart device, essentially in real time, as the height needed to adjust the vehicle to level the vehicle changes.

29. Claims 16 through 20 of the '925 Patent are dependent on Claim 15.

30. Defendant infringes on at least Claim 15 of the '925 Patent.

31. On or around December 31, 2021, Command and company, FBA, entered into an Asset Purchase Agreement in which FBA agreed to purchase and assume from Command, all of Command's rights, titles, and interests, including all rights and interests in the '925 patent, in exchange for valuable

consideration. As the result of the sale, FBA acquired all rights to the '925 patent from Command, free and clear of all encumbrances.

32. On or around June 6, 2025, ETN purchased and assumed FBA's all rights and interests in the '925 patent, in exchange for valuable consideration. As a result, ETN acquired all rights to the '925 patent from FBA, free and clear of all encumbrances.

33. Charles A. Leonard is the named inventor of the '925 Patent.

34. Plaintiff is the sole owner of the '925 patent and holds all rights and interests in the '925 patent, including the right to sue for past infringement. Further, the Asserted Patent is valid and enforceable.

## FACTUAL BACKGROUND

35. A recreational vehicle ("RV") should be leveled whether in storage or parked when in use for both practical and technical reasons. Practical reasons include, but are not limited to, provision of a level floor, ensuring proper operation of swinging doors, and facilitating safe stove and sink use. Technical reasons include, but are not limited to, proper operation of ammonia-based refrigerant and underlying systems thereof, ensuring holding tanks are properly leveled to permit accurate detection by electronic means, and ensuring proper operation of the RV's plumbing systems.

36.     However, many RVs do not possess any native leveling capabilities beyond use of manual or electric jacks to raise or lower the front of the RV. To ensure the RV is level, and without the benefit of the patented invention of the '925 Patent, the driver of the RV must exit the vehicle, then manually assess the RV's position in relation to the ground underneath to determine if the RV is off level. While bubble levels may be attached to the side, front, and/or rear of an RV, the driver still must make an educated guess as to what adjustments are necessary to ensure that the RV is level with the ground underneath. Typically, this is done by trial and error, requiring the driver to make multiple attempts to raise the appropriate wheels by the necessary amount to achieve a level position. It is not uncommon for this process to be repeated several times to achieve a level roll orientation. Importantly, this manual process is imprecise and prone to user error.

37.     Further, if bubble levels are being used to determine the RV's level orientation, it is common knowledge that a bubble level has an error range of between two and three degrees. This allows for a significant margin for error as it relates to RVs and can cause doors, plumbing and other objects and systems within the RV to fail or malfunction. This margin of error can cause significant and costly damage to the RV's various systems. As such, a need existed in the prior art for a system to easily and inexpensively level an RV that does not

require many attempts to achieve a level balance of the RV in both the pitch and the roll directions in relation to the ground underneath the vehicle.

38.    The leveling system described in the '925 patent can include a sensor device secured to a vehicle to sense at least one of an inclination or an orientation of the vehicle in both a pitch direction and a roll direction. Also, the leveling system can include a smart device in wireless communication with the sensor device to allow information received from the sensor device to be processed to provide measurements to a user and to determine the amount of adjustment needed in height to at least one of the pitch direction or the roll direction to level the vehicle.

39.    Plaintiff's invention is disclosed in the '925 Patent.

40.    Plaintiff practices the claimed invention of the '925 Patent. Plaintiff's patented invention enables users to adjust the level of a vehicle and adjust the vehicle's pitch and roll directions when a vehicle is parked on an uneven surface using information displayed on a smart device. Plaintiff's patented invention is offered for sale online through Plaintiff's website, www.beech-lane.com, and as a verified seller on Amazon.com as ASIN B0C28VJLG5.

41.　Plaintiff sells its patented invention in packaging that displays its patent number, 10,890,925. An image of the packaging of Plaintiff's patented invention, sold under the brand name Beech Lane, is shown below:



42.　Plaintiff ETN Capital is committed to continuing to derive revenue from its products that practice the '925 Patent, including exercising its right to exclude others from using, manufacturing, selling, offering to sell, and importing products and methods that infringe the claims of the '925 Patent.

13

## DEFENDANT'S RV LEVELING SYSTEMS AND INFRINGING ACTIONS

43.    Defendant has constructive notice of the existence of the '925 Patent from the USPTO pre-issue publication date of January 4, 2018, and from the USPTO issue date of the '925 Patent on January 12, 2021.

44.    Upon information and belief, Defendant Aomosur manufactures, offers for sale, sells, and imports at least six product models of Infringing Products through its own online website store and through Merchant Stores: the infringing products combine a sensor device with an accelerometer and processor to measure the inclination in pitch direction and roll direction of a vehicle wirelessly with a smart device connected and configured to display simultaneously the inclination of the vehicle to which the sensor device is attached.

45.    Defendant also offers for sale, sells, and/or imports each of the Infringing Products through Merchant Stores, with Amazon.com, in particular, using specific identification numbers known as Amazon Seller Identification Numbers ("ASIN") that are associated with the devices.

46.    These six known Infringing Product models include:

(1)    the AM50-PRO RV Leveling System ("AM50-PRO"), listed on Amazon.com as ASIN B0D9VJ7YKN and as ASIN B0FM2DZH3X;

(2)    the AM350 Wireless RV Leveling System ("AM350"), listed on Amazon.com as ASIN B0DXYTFCY6 and as ASIN B0FNHN1SSK;

(3)　the AM350PRO Wireless RV Leveling System ("AM350PRO"), listed on Amazon.com as ASIN B0DXYN18ZY;

(4)　the AM350-X Wireless RV Leveling System—App ("AM350-X"), listed on Amazon.com as ASIN B0GSQMDH36, and as ASIN B0H1ZZHZT2;

(5)　the AM700 PRO 2-in1 Magnetic Wireless Solar Backup Camera & RV Leveling System ("AM700 PRO"), listed on Amazon.com as ASIN B0GTM8J4VL; and

(6)　the AM700D Pro Dual Camera Magnetic Solar Backup Camera & RV Leveling System ("AM700D PRO"), listed on Defendant Aomosur's website, Aomosur.com.

47.　The Aomosur Infringing Product models each comprise a sensor device referred to as the "Transmitter" designed to be secured to a RV for sensing the inclination of the vehicle in both a pitch direction and a roll direction.

48.　The sensor device for each Infringing Product model comprises "a built-in six-axis gyroscope, [delivering] precise tilt angle measurements." A "six-axis gyroscope" is generally understood to refer to a sensor known as an Inertial Measurement Unit ("IMU") that comprises a 3-axis gyroscope and a 3-axis accelerometer.

49.　The sensor device for each Infringing Product model comprises a processor to process data collected by the digital accelerometer.

50.　Each of the AM50-PRO, AM350, AM350PRO, AM700 PRO, and AM700D PRO Infringing Product models include a "smart device" known as

the "display" in wireless communication with the sensor device. This includes a screen configured to simultaneously display the inclination measured by the sensor device in both pitch direction and roll direction.

51.    The Infringing Product model AM350-X system relies upon an external "smart device," such as a smartphone, to act as a display screen that connects through a downloadable mobile application, configured to simultaneously display the inclination measured by the sensor device in both pitch direction and roll direction.

52.    The user manual for Infringing Product model AM350-X directs consumers and users of the product to download a mobile application through the use of a QR code, linking to the "AMS RV Leveler" application in both the Apple iOS App Store, the Google Play Store, and potentially other similar store for smart phone applications.

53.    Upon information an belief, the mobile application is registered under the seller name Shenzhen Haoyiche Car Technology Co., Ltd.

54.    Defendant's Infringing Products are configured specifically for use to level a recreational vehicle by sensing the inclination of the vehicle in both a pitch direction and roll direction and determining adjustment amounts and corresponding direction with respect to an uneven surface of the ground.

16

55.    The Infringing Product models use the determined adjustment amounts and corresponding directions to display at least one image with a representation of the vehicle showing the respective section of the vehicle on a display screen of a smart device.

56.    Finally, upon information and belief, the Infringing Product models include a computer readable medium comprising computer executable instructions that, when read by the smart device included or used through downloadable smartphone applications, receives the angle measurements of the vehicle in the pitch direction and the roll direction and displays—on the display screen of the smart device—an image representative of the vehicle and simultaneously the height adjustment and corresponding direction of adjustment, updating the display screen in real time as needed based on updated measurements received.

57.    Accordingly, at all times relevant to this Complaint, Defendant Aomosur offered for sale, sold, and imported the Infringing Product models within the United States and in the state of Florida, through its website and through Merchant Stores.

58.    Defendant has infringed and continues to infringe the claims of the '925 Patent instead of properly licensing from the rights to practice the '925

17

Patent from Plaintiff. Moreover, Defendant has generated revenue and profits as a direct result of its infringing activity.

59.   Defendant's infringement of the '925 patent has directly and detrimentally affected Plaintiff's business revenues, market share, goodwill, as well as its reputation.

60.   Plaintiff has been, and continues to be, irreparably harmed.

61.   Defendant sells products virtually identical products, together with a virtually identical smart phone application. Defendant therefore directly competes with Plaintiff's product and which practices at least one claim of the '925 Patent.

62.   Defendant continues to infringe the '925 Patent through its development, testing, manufacture, promotion, and sale of the Infringing Products.

63.   Defendant has not obtained, nor does it have, any permission or license from Plaintiff to practice the '925 Patent.

## COUNT 1
## DIRECT PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(a)

64.   Plaintiff ETN Capital realleges and incorporates by reference paragraphs 1 through 63 of this Complaint as if fully set forth here.

65.   Defendant Aomosur has directly infringed and continues to directly infringe, either literally or under the Doctrine of Equivalents, one or more claims

of the '925 Patent, including claims 1, 10, and 15, by offering to sell and selling the Infringing Products identified in this Complaint within the United States and this judicial district; and by importing one or more of the Infringing Products identified in this complaint into the United States and this judicial district. Defendant's infringing activities violate 35 U.S.C. § 271(a).

66. Upon information and belief, Defendant has gained revenues by virtue of its infringement of the '925 Patent.

67. The Infringing Product models satisfy all claim limitations of one or more of the claims of the '925 Patent, including at least claims 1, 10, and 15.

68. Defendant Aomosur's acts of infringement of the '925 Patent have directly and proximately caused and continue to cause, *inter alia*, both monetary and irreparable harm to Plaintiff through loss of market position, loss of goodwill, damage to reputation, and loss of business opportunities to first-time repeat customers that cannot be easily identified.

69. Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of those wrongful acts in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the invention described and claimed in the '925 Patent, together with interest and costs as fixed by the Court.

70.     Defendant's infringement of Plaintiff's rights under the '925 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

71.     On information and belief, Defendant has knowledge of Plaintiff's '925 Patent and its infringement of that patent, based on Plaintiff's product packaging marked with the patent registration number and because of Defendant's participation and sale of the Infringing Products through the same Merchant Stores in which the Plaintiff sells its devices.

72.     Having notice of the '925 Patent and its infringement of that patent, Defendant has intentionally, deliberately, and willfully infringed and continues to intentionally, deliberately, and willfully infringe the '925 Patent, making this an exceptional case and justifying an assessment of treble damages pursuant to 35 U.S.C. § 284 and attorney fees pursuant to § 285.

## COUNT 2
## INDIRECT PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(b)

73.     Plaintiff realleges and incorporates by reference paragraphs 1-63 of this Complaint as if fully set forth here.

74.     Defendant Aomosur has indirectly infringed and continues to indirectly infringe upon one or more methods claimed by the '925 Patent, including, but not limited to, claims 10 and 15 of the '925 Patent, by actively

inducing others to practice the claimed methods of the '925 Patent, including inducing its end-users to use the Infringing Products as intended. Defendant's infringing activities violate 35 U.S.C. § 271(b).

75. Plaintiff is informed and believes, and on that basis alleges, Defendant has gained revenues by virtue of its inducement of infringement of the '925 Patent.

76. Plaintiff has sustained damages and continues to sustain damages as a direct and proximate result of Defendant's inducement of infringement of the '925 Patent.

77. Plaintiff is suffering and will continue to suffer irreparable harm from Defendant's continued inducement of infringement of the '925 Patent. Moreover, Plaintiff has no adequate remedy at law and is entitled to injunctive relief against Defendant's continued inducement of infringement of the '925 Patent.

78. Defendant's inducement of infringement of the '925 Patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **DEMAND FOR JURY TRIAL**

79. Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ETN Capital prays for relief against Defendant Aomosur as follows:

a. Declaring Defendant has infringed against the '925 Patent pursuant to 35 U.S.C. § 271(a) and/or 35 U.S.C. § 271 (b);

b. Awarding injunctive relief, pursuant to 35 U.S.C. § 283, through temporarily, preliminarily, and permanently enjoining Aomosur, its respective officers, agents, servants, employees, and those acting in privity with them or in active concert with them, from further infringement and/or inducement of infringement of the '925 patent, including:

   i. shipping, delivering, holding for sale, distributing, returning, transferring, storing, making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any Infringing Product models;

   ii. operating, offering for download, sale, distribution, or inducing the use of the mobile phone application(s) "AMS RV Leveler";

   iii. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '925 Patent; and

   iv. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of

22

circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (i), (ii), and (iii).

c. Awarding Plaintiff Capital compensatory relief, pursuant to 35 U.S.C. § 284, of damages compensating for lost profits but in no event less than a reasonable royalty for the use made of the invention described and claimed in the '925 Patent, together with interest and costs as fixed by the Court.

d. A judgment declaring this case is exceptional and awarding Plaintiff ETN Capital treble damages and attorneys' fees, based on any patent infringement and or inducement of infringement found to be willful, pursuant to 35 U.S.C. §§ 284 and 285; and

e. Awarding Plaintiff ETN Capital such other costs and further relief as the Court deems just and proper.

This the 4th day of August, 2026.

Respectfully submitted,

/s/ *Thomas H. Stanton*
Thomas H. Stanton
Florida Bar No. 127444
Geneva K. Hernandez
Florida Bar No. 1018057
**OLDER LUNDY KOCH & MARTINO**
1000 W. Cass Street
Tampa, Florida 33606
T: (813) 915-6795
E: tstanton@olderlundylaw.com
ghernandez@olderlundylaw.com

*Attorneys for Plaintiff ETN Capital, LLC*

24